UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 15-2119 JGB (KKx)** | Date | October 16, 2015 |
| Title | *HSBC Bank National Association v. Gustavo Magana et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Minute Order REMANDING Action to California Superior Court for the County of Riverside (IN CHAMBERS)

### I.  BACKGROUND

On August 13, 2015, Plaintiff HSBC Bank National Association ("HSBC or "Plaintiff") filed a complaint for unlawful detainer against Defendants Gustavo Magana, Amy Magana, and Does 1-6 in the California Superior Court for the County of Riverside.  ("Complaint," Ex. D to Doc. No. 1 at pp. 29-40.)  On October 14, 2015, Jon Cenoz ("Cenoz"), the trustee for the property in question, removed the action to this Court.[1]  ("Notice of Removal," Doc. No. 1.)

### II. LEGAL STANDARD

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S.

---

[1] Although it is unclear from the face of the Notice of Removal whether Jon Cenoz is a proper defendant in the state court action, the Court will assume he is for purposes of this order.

215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. DISCUSSION

Although difficult to parse, the Notice of Removal appears to state two grounds for removal. First, Cenoz alleges that diversity of citizenship exists between the parties and the amount in controversy is more than $75,000. (Notice of Removal at 5-6.) Second, Cenoz alleges that removal is proper on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Id. at 6.)

#### A. Diversity

Cenoz has not met his burden of demonstrating that the amount in controversy exceeds $75,000. "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir.2007) (quoting Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir.2007)).

Although Cenoz alleges that the amount in controversy exceeds $75,000, the caption of the Complaint clearly states that the amount demanded is less than $10,000. (Complaint at 1.) In unlawful detainer actions, the title to the property is not involved—only the right to possession is implicated. Evans v. Superior Court, 67 Cal. App. 3d 162, 170, 136 Cal.Rptr. 596 (1977). Thus, it is immaterial that the property may be valued at over a million dollars. (See Notice of Removal at 6.) The amount in controversy is not the value of the subject real property, but the reasonable rental value per day of the property, up to a total of $10,000.00. Evans, 67 Cal. App. 3d at 170; see also, U.S. Bank N.A. v. Medina, 2012 U.S. Dist. LEXIS 43054, at *4–5, 2012 WL 1136126 (C.D. Cal. Mar. 27, 2012). Thus, the amount in controversy requirement is not met.

#### B. Federal Question

In order for removal to be proper on the basis of federal question jurisdiction, Cenoz must show that Plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

As best as the Court can decipher the Notice of Removal, Cenoz appears to assert that the Court has federal question jurisdiction pursuant to 42 U.S.C. § 1983 because Plaintiff does not have proper title to the subject property. (Notice of Removal at 6-7, Doc. No. 1.) As noted,

however, unlawful detainer proceedings do not purport to adjudicate title to the property at issue—only the right to possession is implicated. See U.S. Bank, N.A.v. Avila, No. CV 12-10399, 2012 WL 6491300, *2 (C.D. Cal. December 12, 2012). Thus, no construction of the Deed of Trust or Trustee Deed upon Sale is necessary. (Notice of Removal, Exs. C and D.)

On the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. (See Complaint.); see also Lapeen, 2011 WL 2194117, *3 ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. 10-8203, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010). Whatever federal questions Defendants might raise in defense to the unlawful detainer action are insufficient to confer removal jurisdiction over it. See, e.g., U.S. Bank, N.A. v. Barcenas, 2012 U.S. Dist. LEXIS 173586, at *1 (C.D. Cal. Dec. 5, 2012) ("Because this is an unlawful detainer action, a federal question does not present itself."); Aurora Loan Servs. v. Orozco, 2012 U.S. Dist. LEXIS 172200, at *3–4 (C.D. Cal. Dec. 3, 2012) (explaining that unlawful detainer actions are purely matters of state law and that "any federal defense Defendant raises is irrelevant with regard to jurisdiction"),

Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law. Rather, Plaintiff is entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite three-day notice to quit was served on Defendant as required by California Code of Civil Procedure § 1161a. Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977). Accordingly, due to the absence of a federal claim or substantial question of federal law, Defendant has not shown that the Court has jurisdiction based on a federal question under 28 U.S.C. § 1331.

## IV. CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met his burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

For the foregoing reasons, the Court REMANDS this action to the Riverside Superior Court.

**IT IS SO ORDERED.**